UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| RUTH WILLIS,<br>    Plaintiff and Defendant in<br>    counterclaim | )<br>)<br>)<br>) | |
| v. | )<br>) | |
| SUSAN WILLIS,<br>    Defendant, Plaintiff in<br>    counterclaim and<br>    third-party Plaintiff, | )<br>)<br>)<br>)<br>) | No. 06-12310 MLW |
| v. | )<br>) | |
| DANA WILLIS,<br>    Third-party Defendant. | )<br>) | |

**Opposition of Defendant/Third-Party Plaintiff Susan Willis
To Third-Party Witness Jay Pabian's Motion to Modify a Subpoena**

Now comes the Defendant/Third-Party Plaintiff Susan Willis ("Susan") in the above-captioned matter to submit this Opposition to the Motion of Third-Party Witness Jay Pabian to Modify a Subpoena issued on December 17, 2007, calling Mr. Pabian's deposition for January 3, 2008. Briefly grounds in support of her opposition to the Motion, Susan shows the following.

Susan has been brought into this proceeding with serious allegations that involve her reputation and conduct. Susan has attempted to seek her remedies against the third part defendant and defendant in counterclaim. Discovery has

begun to produce a meaningful picture of events.  As an initial matter, the supposed unavailability of Mr. Pabian's attorneys to appear at the January 3, 2008, deposition is incredible.  Unlike Ms. Willis, the party charged with defending this action, and who is represented by one attorney in a law firm of few, Mr. Pabian is represented by the Boston law firm of Cooley, Manion, Jones, a firm of over 40 lawyers.  It is difficult to believe that not one attorney from the firm is available on January 3, 2008, to attend Mr. Pabian's deposition.

As this court is well aware from previous discovery disputes in this case, it has been exceedingly difficult to find dates concerning any deposition on which all of the attorneys for the parties involved agree.  January 3, 2008, is a date on which none of the attorneys for the parties has objected.  To allow Mr. Pabian, a witness, or his law firm, to now remove this agreed upon date from the very limited time left on the discovery calendar would be unfair to the parties in the case and their attorneys.

Concerning the substance of Mr. Pabian's motion, Mr. Pabian asserts that he is unable to comply with the document requests and attend the deposition because of "the upcoming holidays" and unspecified "prior commitments."  Exh. 2 to Pabian Motion.  The "upcoming holidays" presumably refers to Hanukkah, Christmas and New Year's, all of which will have passed, of course, prior to January 3, 2008.  By his own admission, Mr. Pabian will have returned

from his vacation on January 2, 2008.  Pabian Motion at n.2.  Moreover, Mr. Pabian fails to cite with specificity the prior commitments that he asserts prevent him from attending a crucial deposition other than stating that he has "previously scheduled commitments to his clients" on January 3, 2008.  Mr. Pabian submitted no affidavit with his Motion explaining what his superseding engagements are and why he is unable to reschedule them in light of the importance of his deposition in this case.  Respectfully, as Mr. Pabian will have returned from his vacation and will be in town on January 3, 2008, his unspecified commitments should not take precedence over the subpoena issued in this case on December 17, 2007.  Rule 45(c) instructs only to avoid placing an "undue burden or expense on a person subject to a subpoena."  Such is not the case here.

As Mr. Pabian acknowledges in his motion, the discovery deadlines in this case are fast approaching, with discovery closing on February 28, 2008.  Besides Mr. Pabian's deposition, Susan's counsel has scheduled the deposition of the Boston *Herald* reporter, Laurel Sweet, for January 2, 2008 – assuming, of course, that the lawyers for the *Herald* do not move to modify the date as well.  Susan's counsel is also currently in the process of working with the attorneys for Ruth and Dana Willis in scheduling for the end of January 2008, multiple depositions of witnesses located in Florida.  Finally, as the court is aware from

previous discovery disputes, Susan's deposition of Ruth Willis has yet to be rescheduled and must be completed by February 28, 2008, as well.

Mr. Pabian's firm is now also asserting that many of the documents that he has been requested to produce are protected by the attorney-client privilege and that, because of Ruth Willis's declining health, it is unclear whether she intends to waive that privilege.  It continues to be Susan's position that the requested documents going into the dealings of Dana Willis with Ruth's estate, as well as the documents concerning the assets on which Ruth Willis would rely for her source of income, are not privileged since both Dana and Ruth have waived the privilege by their pleadings in this case.  As delineated in the Pabian subpoena, the documents requested are simply those referenced by Dana Willis in his May 8, 2007, affidavit to the court, which among other things according to Dana are supposed to document various "loan arrangements" between Dana and Ruth, drafted by Mr. Pabian, dating from 2001 through 2006, which Dana was reimbursed for monies he allegedly spent on Ruth's expenses by mortgages on Ruth's Andover and Palm Beach homes.

Significantly, as this court may recall from the June 12, 2007, hearing, counsel for Dana Willis, Marjorie Cooke, had issued a subpoena for Mr. Pabian to appear at the hearing.  As part of that subpoena, Ms. Cooke requested many of the same records from Mr. Pabian that Susan now seeks.  Presumably Mr.

4

Pabian and/or his attorneys previously prepared and reviewed all of those documents prior to the June 12, 2007, hearing, making his compliance with Susan's current subpoena all the more straightforward.

Finally, concerning the subpoena issued by Dana Willis to Mr. Pabian for his appearance at the June 12, 2007, hearing in this court, Ms. Cooke informed the court during the hearing that Mr. Pabian, although present in the courtroom, wished to be excused for the day because of unspecified prior commitments. The court denied Mr. Pabian's request then citing the subpoena ordering his presence on June 12, 2007.  Most respectfully, the court should do so again. Mr. Pabian's testimony in the case is relevant to Susan's defense and claims, his proffered excuses for his inability to appear for the January 3, 2008, deposition are inadequate under the circumstances, and his motion to modify the subpoena on this basis should respectfully be denied.

                              Defendant Susan Willis
                              By her attorney,

                              ___/s/ Jordan Lewis Ring_____
                              Jordan Lewis Ring (BBO #420980)
                              jr@ringlawfirm.com
                              Ring Law Firm
                              4 Longfellow Place 3703
                              Boston, MA  02114-2834
                              617 558 9800 PHONE
                              617 558 9801 FAX

Dated:  __December 28, 2007_____

## Certificate of Service

**I, Jordan Lewis Ring, hereby certify that this document will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those as non-registered participants on   December 28   , 2007.**

**Dated:   December 28      , 2007**

/s/Jordan Lewis Ring
_____
**Jordan Lewis Ring**