UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CASE NO. _06-12310_

Ruth Willis_____          Susan Willis_____
PLAINTIFF                                                       DEFENDANT

William Fidurko, Elaine Epstein_____          Jordan Ring_____

Marjorie Cook_____          _____

_____          _____

COUNSEL FOR PLAINTIFF                                   COUNSEL FOR DEFENDANT

JUDGE Wolf_                          CLERK O'Leary_                          REPORTER Romanow_

CLERK'S NOTES

| DATES: | Motion Hearing |
|--------|----------------|
| 1/19/10 | Court conducts colloquy with the defendant Susan Willis regarding the conduct of her attorney.  Court asks the |
| | G.A.L., Elaine Epstein, whether there has been any material changes since her status report was filed with the |
| | court.  G.A.L. reports that the plaintiff's health continues to deteriorate and have increased her health care |
| | costs.  G.A.L. also reports that she has had a discussion with the defendant who now wishes to meet with her |
| | mother and the G.A.L.  Court informs the parties that it is ready to rule on all the pending motions without a |
| | hearing.  Court grants the defendant's motion to lift the stay (docket nos 185 & 188) and will set a schedule for |
| | discovery with regard to the defendant's claims.  Court will bifurcate the discovery with regard to the counter- |
| | claims and cross claims.  Court will modify its sealing order regarding the Rule 35 exam.  Court will allow the |
| | defendant to use the information in this case and in other litigation.  Court orders Susan Willis to provide the |
| | G.A.L. with an inventory of all the property in her possession that either belongs to or was once belonged to |
| | Ruth Willis.  Any possession kept for "safe-keeping" will be given to the G.A.L. to be appraised and will |
| | remain in the G.A.L.'s possession.  Court denies defendant's motion to strike exhibit Q as moot.  Court allows |
| | Ruth Willis' motion to compel (docket no 105).  Court will establish a schedule for the taking of the defendant's |
| | deposition.  Any failure to comply with the court's order may result in the dismissal of the defendant's counter- |
| | claims and cross claims.  Court at the moment does not impose any costs or financial sanctions.  Court denies |
| | the motion to quash with out prejudice (docket no 118) but will grant the motion for protective order (docket no |
| | 143).  Court allows Dana Willis' motion for leave to file an affidavit (docket no. 172).  Court denies defendant's |
| | motion for sanctions (docket no 108).  Court denies without prejudice Dana Willis' motion to compel answers |
| | to interrogatories (docket no 121).  Court grants in part and denies in part the defendant's request to take certain |
| | depositions.  Court denies the defendant's motion for judgment on the pleadings (docket no. 93).  Court sets a |
| | deadline of April 15, 2010 for all of the permitted discovery.  Court will establish a briefing schedule for June |
| | and a hearing in August, 2010.  Court allows the plaintiff's request to take the deposition of Wachovia Bank as |

| | |
|---|---|
| | well.  Written order to issue.  Court orders the defendant Susan Willis to provide the inventory to the G.A.L. |
| | by 2/1/10 and turn over the items themselves by 2/15/10.  Court after hearing from the parties excludes the |
| | defendant's divorce and associated psychiatric records from the deposition.  These issues will all be open if |
| | the defendant's cross claims and counterclaims are not out if the defendant defeats any motion for summary |
| | judgment.  Court will take up the issue then and is not making any ruling on the issue at this time. |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |